

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 9, 1968

Hon. Charles R. Barden, P.E.          Opinion No. M-187
Executive Secretary
Texas Air Control Board          : Re: Which of certain specific
1100 West 49th Street                  activities inquired about
Austin, Texas 78756                    qualify a plant as one
                                       "processing agricultural
                                       products in their natural
                                       state" within the meaning
                                       of Sec. 6(C) of Chapter 727,
                                       Acts of the 60th Legislature,
                                       R.S. 1967 (Article 4477-5,
                                       V.C.S.).

Dear Mr. Barden:

        Your request for an opinion as to the construction of
Section 6(C), of Article 4477-5, Vernon's Civil Statutes, asks
for an answer to certain questions relating to the Clean Air Act
of Texas 1967. You are particularly concerned with a determina-
tion of a general standard or test which the Texas Air Control
Board should apply to determine whether a plant can qualify as
one "processing agricultural products in their natural state".

        The controlling legal question presented is whether cer-
tain activities or operations constitute "processing agricultural
products in their natural state" within the meaning of Section
6(C), of Article 4477-5, Vernon's Civil Statutes.

        Viewed in the light of the purposes of the statute (Clean
Air Act of Texas, 1967), it is our opinion that such Section 6(C)
is in law tantamount to an exception or exemption for those
plants which process agricultural products in their natural state.
The purpose of the Act is to "safeguard the air resources of the
State from pollution by controlling or abating air pollution con-
sistent with the protection of health, general welfare and physi-
cal property of the people, operation of existing industries and
the economic development of the State". Section 1, Article 4477-5.
Section 6(C) provides as follows:

"(C) The board shall establish its rules and regulations concerning the emission of particulate matter from plants <u>processing agricultural products in their natural state</u> according to a formula derived from the process weight of the materials entering the process. <u>The board may not require in its rules and regulations that such plants meet a standard which requires an emission of less than eight percent of the process weight of the materials entering the process.</u>"  (Emphasis Added)

It is a well settled proposition of law that when a regulatory statute of general application provides for exceptions or exemptions a strict construction of such exception or exemption must be applied. 53 Tex. Jur.2d, 301, Statutes, Sec. 201. Such a construction must be reasonable and the express terms of the act may not be disregarded. Also, exceptions will not be extended by construction, and one who claims he is subject to an exemption or exception will be required to show that he comes clearly within its plain terms.

It is particularly pertinent to observe that the Legislature chose to qualify the processing of agricultural products described in Section 6(C) to those products processed "in their natural state". Such a qualification must be given some effect, if possible, and we are not at liberty to disregard it.

It is noted from your brief attached to your request that in your opinion all of the products being processed and inquired about are subject to Section 6(C) except the following: (1) operating a cottonseed oil mill, (2) cotton seed delinting, (3) extracting oil from peanuts (shelled elsewhere), (4) butchering and processing meat products (received after having been slaughtered), (5) operation of a rendering plant for offal and waste products from slaughter horses and meat processing plants, and (6) operation of rendering plants for carcasses of dead livestock.

We note further from your statement and brief submitted that you lack "familiarity with the procedures involved in many of the activities and operations listed". Your brief states, "It is felt that, rather than attempting to develop the detailed information necessary to fully understand each of the activities and operations, the task of determining the nature of each of the activities and operations could well be the subject of a series of hearings at which representatives of the various industries affected could appear and explain their operations in light of the guidelines developed......".

The Attorney General has not been given any fact determinations by the Texas Air Control Board concerning whether the products are being processed in their natural condition or state in nature, so that the law may be applied to the facts as you find them. Unless the fact findings are undisputed and not subject to opposing inferences, this office is unable to determine whether the six agricultural products or activities listed above are necessarily being processed in their natural state. Therefore, this office is without authority to make such factual determinations. Attorney General Opinions Nos. O-2911 (1940), WW-277 (1957), and C-697 (1966). Determination of these questions by the Texas Air Control Board is a matter of administrative determination which is subject to judicial review by the Courts under the substantial evidence rule, the test there being whether the board has acted in an arbitrary, unreasonable or capricious manner or without substantial evidence to support its findings.

As a general guideline, you are advised that agricultural products in their natural state are those which are brought to a plant for processing in substantially the same conditions as they existed in nature and have not been artificially changed from their basic form and substance as found in nature. Fleming v. Farmers Peanut Co., 128 F.2d 404 (C.A. 5th, 1942); Interstate Commerce Commission v. Weldon, 90 F.S. 873, affirmed in 188 F.2d 367, (C.A.6th, 1951), and Cert. Den. in 342 U.S. 727 (1951); Webster's Third New International Dictionary, "natural".

We trust that from the above general guidelines, the Texas Air Control Board can proceed to develop and find the necessary facts in determining whether an agricultural product being processed is subject to Section 6(C), Art. 4477-5, supra.

## S U M M A R Y

Under Section 6(C), of Article 4477-5, Vernon's Civil Statutes, agricultural products in their natural state are those which are brought to a plant for processing in substantially the same condition as they existed in nature and have not been artificially changed from their basic form and substance as found in nature. Factual determinations under this standard must be made by the Texas

Air Control Board when promulgating rules
under Section 6(C), supra.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Grace
John Banks
Robert Flowers
Dyer Moore, Jr.

A. J. CARUBBI, JR.
Staff Legal Assistant